IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KOKOU AKOETE BESSAN,

                  Plaintiff,                        ORDER

    v.

                                              25-cv-502-wmc

KODJO APETI, ABLA APETI and
AYAWO WODZRO,

                  Defendants.

Plaintiff Kokou Akoete Bessan, who is representing himself, brings this lawsuit against Kodjo Apeti, Abla Apeti and Ayawo Wodzro, three of plaintiff's family members who he says have failed to provide him financial and housing help as he attempts to stay in the United States. Plaintiff has paid the full filing fee for this action, so the complaint does not have to be screened under the *in forma pauperis* statute, 28 U.S.C. § 1915. However, the court has the inherent authority to screen the case on its own. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non prisoners alike, regardless of fee status."). Here, the court directed the clerk of court to withhold service until the court has completed review of the complaint.

On review, the court accepts plaintiff's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, plaintiff's allegations fail to state a federal claim upon which relief may be granted. There is no federal law or constitutional right that would entitle plaintiff to his family members'

assistance with housing or finance, and this court does not have the authority to order them to do so. So, plaintiff's complaint must be dismissed.

The Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Nonetheless, the court will dismiss this action with prejudice and without leave to amend because any amended pleading would be futile under the circumstances. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

ORDER

IT IS ORDERED that:

1) Plaintiff Kokou Akoete Bassan's complaint (dkt. #1) is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 21st day of January, 2026.

BY THE COURT:

/s/
_____

WILLIAM M. CONLEY
District Judge